IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD GEASLAND,

                  Petitioner,

v.

UNITED STATES OF AMERICA,

                  Respondent.

OPINION and ORDER

19-cv-18-jdp

---

Petitioner Richard Geasland filed a motion under 28 U.S.C. § 2255 to vacate his sentence for possession of child pornography. Geasland contended that he should not have been subjected to a ten-year mandatory minimum sentence as a repeater under 18 U.S.C. § 2252(b)(2) because his prior Wisconsin conviction for first-degree sexual assault that triggered that enhancement encompassed a broader range of victim (children 13 and younger) than the analogous federal statute (children 12 and younger).

I previously granted Geasland's motion to stay the case pending the Court of Appeals for the Seventh Circuit's decision in *United States v. Kraemer*, No. 18-2454 (7th Cir.), a habeas case involving a newer version of the sexual-assault statute under which Geasland was convicted. The court was presented with the question of how closely related the predicate state offense needed to be to its federal analogue to qualify under § 2252(b)(2) as "relating to" various sex crimes involving minors. The court issued its decision, concluding that a state crime does not have to precisely match the federal crime to count as a predicate offense. *Kraemer*, 933 F.3d 675, 684 (7th Cir. 2019). In particular, the court concluded that Kraemer's Wisconsin first-degree sexual assault conviction counted as a predicate offense despite the 13-year-old versus 12-year-old victim-age difference in the statutes. *Id.* ("Mr. Kraemer's Wisconsin

conviction for first-degree sexual assault is one 'relating to' abusive sexual conduct involving a minor despite a slight difference in the maximum age of the victim under state and federal law.").

That was not the ruling that Geasland was hoping for when he asked for a stay. He has now filed a motion to dismiss his § 2255 petition. Dkt. 6. The government does not oppose the motion to dismiss, but it asks that the court condition the dismissal on Geasland's agreement that this § 2255 petition should count as his first such petition, potentially preventing him from filing future § 2255 motions as second or successive petitions. *See, e.g., Potts v. United States*, 210 F.3d 770, 770 (7th Cir. 2000) (section 2255 petitioner cannot avoid second-or-successive-petition bar by withdrawing first petition after he becomes aware that petition will be denied on the merits). Geasland did not file a reply by the deadline set by the court, so he has waived an argument to the contrary. The decision in *Kraemer* would doom his current petition on the merits. I will grant Geasland's motion to dismiss his petition, and I will count the petition as Geasland's first § 2255 petition, which may limit his ability to file future habeas petitions.

ORDER

IT IS ORDERED that Petitioner Richard Geasland's motion to dismiss his petition under 28 U.S.C. § 2255, Dkt. 6, is GRANTED.

Entered December 13, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge